## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TAYOUN<br>447 East County Road<br>Drums, PA 18222 | :<br>:<br>:    CIVIL ACTION<br>: |
|             Plaintiff, | :    No. _____<br>: |
|   v. | :<br>: |
| C&D TECHNOLOGIES, INC.<br>1400 Union Meeting Road<br>Blue Bell, PA 19422 | :    **JURY TRIAL DEMANDED**<br>:<br>: |
|          Defendant. | :<br>: |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.     This action has been initiated by Paul Tayoun (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff asserts herein that he was not paid overtime compensation in accordance with state and federal law(s) and that he was terminated unlawfully for protected activities under the FLSA. As a direct consequence of Defendant's actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.  There is supplemental jurisdiction

over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.　　This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.　　Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5.　　The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.　　Plaintiff is an adult individual, with an address as set forth in the caption.

7.　　C&D Technologies, Inc. ("Defendant") produces, markets, and installs power conversion and storage of electrical power solutions. Defendant is operated within a portfolio of private equity investment, in particular KPS Capital Partners, LP ("KPS"). Defendant remains substantially growing and relatively recently acquired Trojan Battery Company, LLC.

8.　　At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. <u>FACTUAL BACKGROUND</u>

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant effective on or about January 8, 2018; and in total, Plaintiff was employed with Defendant for a little in excess of 3 years.

11.     Plaintiff was at all times relevant to his employment deemed based and managed from Defendant's headquarters in Blue Bell, Pennsylvania (although, as outlined *infra*, Plaintiff traveled all over the world for his job).

12.     During his employ (and towards the end of tenure), Plaintiff was supervised by management such as Eric Lehmann (Director of Quality Services) and Lehmann's manager, Rick Heller (Chief Executive Officer – "CEO").[1]

13.     The crux of this lawsuit is that Plaintiff was a laborer working in a job position that is <u>nationally known</u> to be "non-exempt" wherein Plaintiff was supposed to be paid overtime compensation. An employer is incapable of a reasonable mistake that such a position is non-exempt. Instead, Plaintiff was paid by salary and not paid overtime compensation. As a result, Plaintiff is owed *well in excess of* $150,000.00, as explained *ad nauseum* below.

14.     Plaintiff was referred to as a "Field Service Technician" by Defendant throughout his employment. By way of oversimplistic explanation, Defendant manufactures, markets, and sells battery systems for slow moving vehicles (such as golf carts) and backup power installations for telecommunication and data centers.

15.     Plaintiff's job was very straight forward, labor intensive, and routine. In particular, Plaintiff's entire job consisted generally of the following primary duties:

---

[1] During Plaintiff's period of employment, there have also been varying intermediate management within the hierarchy between Lehmann to Heller.

(A) Plaintiff was scheduled to travel anywhere in the United States or internationally on a consistent basis;

(B) Plaintiff spent days or weeks traveling and working 10-to-15-hour days as requested or needed;

(C) Plaintiff appeared at third-party company locations (whom had contracted with Defendant) to either test batteries or change batteries in backup power devices.

16.     For visual illustration, such batteries generally could weigh 100 lbs – 200 lbs (resembling larger car-like batteries), and Plaintiff would ensure they were not about to expire or if changing were required, he would manually engage in such labor and replace such batteries. Plaintiff's job was extremely labor intensive.[2]

17.     Plaintiff's role within Defendant could thus be summarized as that of a battery tester and changer for large scale electronic equipment which provided backup power in the event of power outages.

18.     Plaintiff was solely paid by salary within Defendant, which ranged from $60,000.00 - $65,000.00 from hire through gradual increases over time. Plaintiff was **never** paid for overtime compensation (*except during a single pay period* as explained *infra*).

19.     Compensation via salary is no indicator as to whether someone is overtime eligible. Rather, an employee must perform an "exempt" job role for a company to be ineligible for overtime compensation. Plaintiff's job role within Defendant *is uniformly known* throughout the United States and under applicable jurisprudence to be *unequivocally* a non-exempt role.

20.     Defendant could not even feign not knowing Plaintiff's role was non-exempt, as Defendant **internally classified** Plaintiff as "non-exempt," yet still refused to properly pay Plaintiff overtime. *See e.g.* Internal Computer System Printout of Defendant Employee Personnel, attached hereto as "Exhibit A." Therein, Defendant's own employment file identifies

---

[2] An assignment could be days or weeks due to the quantity of batteries or procedures required to be handled.

4

Plaintiff as "non-exempt." Hence, Defendant refused to pay Plaintiff overtime compensation (or to even track his hours of work) ***despite internally designating him as non-exempt***.

21.     Plaintiff averaged working approximately (and sometimes much more than) 20 hours per week of overtime, and with the exception of 1 single pay period, Plaintiff was **never** paid for any overtime, let alone at a rate of time and one half. Instead, Plaintiff merely was paid his salary <u>regardless of</u> real hours worked by Defendant.

22.     Aside from the fact that Defendant itself knowingly classified Plaintiff as "non-exempt" but chose to illegally avoid paying overtime, Plaintiff objectively performed a job that was nationally recognized as non-exempt. In particular:

    (A) Plaintiff did not manage anyone, as he merely performed a strenuous, labor-intensive role of testing and replacing very heavy batteries in data centers or similar large clientele of Defendant;

    (B) Before working for Defendant, Plaintiff had worked as a bus boy for approximately 2 years and then had joined the United States Marine Corps finishing his enlistment after approximately 7 years;

    (C) By way of education, Plaintiff did not possess an associate's degree or bachelor's degree when hired or working for Defendant;

    (D) ***Plaintiff learned how to perform the role within Defendant by learning "on the job;"***

    (E) Nothing within the role Plaintiff performed required any type of advanced college or university-related education; and

    (F) Defendant regularly hired and used contracted employees to perform the same job as Plaintiff at sites **who had no prior experience** and also learned on the job about how to test and replace batteries in backup systems.

23.     The Fair Labor Standards Act ("FLSA") provides for an exemption for "computer professionals," which is not applicable to Plaintiff. But nonetheless, the Pennsylvania Minimum Wage Act ("PMWA") does not have any similar exemption to the FLSA as aforesaid. The inapplicability of both the FLSA and PMWA are outlined below:

(A) There is <u>no exemption</u> allowing an employer to avoid paying overtime compensation to computer-related employees in Pennsylvania under the PMWA, as there is within the FLSA. *See e.g.* Pennsylvania Department of Labor Guidance, at http://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/minimum-wage/Pages/Overtime-Rules-in-Pennsylvania.aspx (explaining distinctions between the FLSA and PMWA: "For example, the Federal rules do not require overtime for computer employees. However, Pennsylvania law currently requires overtime for computer employees.").

(B) The computer professional exemption under the FLSA is embodied in 29 U.S.C. § 213(a)(17). The 213(a)(17) exemption applies *only to* computer professionals who: (a) are for example engineers or programmers; and (b) have the "primary duty" of for example "programming," "design," creation of software testing specifications, and/or who alter computer operating systems. ***Plaintiff obviously did not work in these capacities.***

(C) 29 C.F.R. 541.3 outlines the required application of exemptions under 29 U.S.C. § 213(a) and explains that the professional exemption such as 213(a)(17) **does not** apply to any job where any employee learns duties through experience or on the job because the exemption requires "specialized intellectual instruction" through education in a specific field as a prerequisite to being able to perform the job (giving many examples of professions such as electricians who are not exempt because they learn on the job how to perform their role(s)).[3]

(D) People working for employers performing general information technology services, electronics maintenance, other help-desk work, or adjustments to computer hardware **are never exempt under the FLSA**.[4]

---

[3] *See e.g. Bagwell v. Fla. Broadband, LLC*, 385 F. Supp. 2d 1316, 1328 (S.D. Fla. 2005)("Employees who qualify for the computer professional exemption are highly-skilled in computer systems analysis, programming, or related work in software functions" . . . [and] "before a particular position can qualify as one which climbs to the level of the professional exemption of section 213(a), the duties of that position <u>must call for a person who is in a learned profession with *at least a college degree* in a specialized type of learning</u>.")(Emphasis added).

[4] *See e.g. Siegel v. Bloomberg L.P.*, 2015 WL 223781, at *1 (S.D.N.Y. 2015)(granting summary judgment to IT employees providing computer support as they are non-exempt under the FLSA); *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 982 (W.D. Tenn. 2011)(Neither party asserting that "Installation Technicians" can possibly be exempt under the FLSA and court ordering trial on damages only); *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 576 (6th Cir. 2004)(requiring district court to grant summary judgment in favor of plaintiffs who were computer technicians and IT Support Specialists providing troubleshooting and doing computer maintenance because these duties are not exempt under the FLSA); *Berg v. United States*, 49 Fed. Cl. 459 (Fed. Cl. 2001)(electronics technicians who repair computer or electronic equipment are not exempt from overtime under the FLSA); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307 (D.N.J. 2006)(Collective action settlement on behalf of technicians working for Sears approved); *Pignataro v. Port Auth.*, 2006 U.S. Dist. LEXIS 5447 (D.N.J. 2006)(holding well-trained helicopter technicians are not exempt from the FLSA, granting summary judgment in favor of Plaintiff); *Davis v. Footbridge Eng'g Servs., LLC*, 2011 U.S. Dist. LEXIS 93645 (D. Mass.

24.     In sum, Defendant has absolutely no defense to its failure to pay Plaintiff overtime compensation because:

> (1) Defendant knowingly classified Plaintiff as "non-exempt" internally knowing it was supposed to pay him overtime;
>
> (2) There is no exemption under the PMWA for overtime for computer-related work, and Plaintiff cannot plausibly meet the computer professional exemption under the FLSA (as he is not a programmer, software designer or engineer with an advanced graduate degree); and
>
> (3) Plaintiff could not plausibly meet any type exemption for "computer professional" or "professional" because such exemptions require an advanced degree generally of "graduate-level study." *See e.g. Pignataro v. Port Auth.,* 593 F.3d 265, 271 (3d Cir. 2010)(affirming judgment in favor of helicopter pilots for non-payment of overtime because they lacked an advanced degree at a graduate level from a university and learned their jobs through apprenticeship rendering any FLSA exemption inapplicable).

25.     Defendant also violated state and federal wage laws by not **in any manner** *tracking Plaintiff's work time* while he was sent all over the United States and throughout different countries earning so little income after taking into consideration *the real hours he was working divided by a relatively low salary.*[5]

26.     As referenced *supra,* one of Plaintiff's indirect managers was Heller (CEO of Defendant). Pursuant to Heller's own statements publicly, he was "hired by KPS Capital Partners to turnaround and grow this $1 billion company." He was assigned specific obligations withing Defendant by KPS in January 2020.

---

2011)(employees performing technology services were not exempt under FLSA as they didn't meet computer exemption and thus Court approved class settlement); *Richards v. Computer Scis. Corp.,* 2004 U.S. Dist. LEXIS 19638 (D. Conn. 2004)(certifying class action for help desk analysts as they are not exempt under FLSA).

[5] The failure of an employer to abide by mandatory record-keeping of hours worked each day by an employee violates 29 U.S.C. § 211(c). As a result, **an employee's estimates of hours typically worked may be accepted**. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.,* 2004 WL 33412, at *8 (S.D.N.Y. 2004). An employee is not supposed to be prejudiced by having to prove with any specificity actual hours worked due to Defendant's own failure to abide by state and federal payroll and recordkeeping requirements.

27.     Upon some structural changes within operations and management within Defendant, it became noticed that Plaintiff was being paid illegally. For the pay period commencing on January 19, 2020, Plaintiff was instructed he was to report hours worked because was supposed to receive overtime.

28.     During the pay period from January 19, 2020 through February 1, 2020 (a 2-week timeframe), Plaintiff worked 121.47 hours. Plaintiff was then paid at his proper overtime rate of slightly more than $46.00 per hour. In that single pay period, Plaintiff earned $2,276.03 in overtime compensation.

29.     Immediately after this pay period and recognition that Plaintiff was non-exempt (from January – February 2020), Plaintiff's lower management confirmed through upper management that Plaintiff in fact worked so extensively (as there was an uproar sort of speak about Plaintiff's drastic compensation increase). All of Plaintiff's work and hours were confirmed, and Plaintiff received such full overtime compensation.

30.     However, in an absolute willful design <u>to resume</u> refusing to pay Plaintiff overtime compensation, Defendant suddenly concocted that Plaintiff had a new title – that of Field Service Specialist. Defendant then claimed under that new job title Plaintiff was no longer going to receive any overtime pay. *But Plaintiff continued to perform the exact same role and duties he performed since hire despite the minor rephrasing of his job title.* In ostrich-like fashion, Defendant also ceased tracking Plaintiff's hours resuming its ongoing violations of state and federal wage laws.

31.     Other than the single pay period from January 19, 2020 through February 1, 2020, Plaintiff was *never* paid for *any other* overtime in his approximate 3-year tenure. This is despite that Plaintiff continued to work the job and 20-plus hour overtime workweeks. The only time

Defendant followed state and federal wage laws, Plaintiff was in fact paid for working slightly in excess of 20-hours of overtime per week (*clearly evidencing his normal workload*).

32.    The statutory lookback is <u>automatically</u> 3 years under the PMWA, and it's 3 years for willful violations under the FLSA. Thus, the lookback period will automatically be at least 3 years regardless. Plaintiff therefore pursues his right to unpaid overtime compensation for a full 3 years dating back from filing of this lawsuit.

33.    Plaintiff is owed approximately <u>$143,000.00</u> in unpaid overtime at a rate of slightly more than $46.00 per hour (his overtime rate) at approximately 20 hours of overtime per week (although in some weeks he even *worked well over* 20 hours of overtime).[6] This is also omitting the 1 payroll period in which Defendant paid Plaintiff legally.

34.    What Plaintiff is owed *as a matter of right* from non-payment during his employment does not take into consideration his "automatic" entitlement to "liquidated damages."[7] Plaintiff is entitled to **double** his unpaid overtime compensation.

---

[6] "The U.S. Supreme Court has held that where a company fails to keep records of hours worked, the presentation of evidence by the employees as to their own hours creates a rebuttable presumption that employees worked those hours." *Lynne Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1061 (C.D. Cal. 2006).

[7] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that liquidated damages will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

35.    Plaintiff is *also* entitled <u>mandatory</u> legal fees and other applicable damages (such as costs and interest) under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

36.    Plaintiff was terminated from Defendant on April 6, 2021. Plaintiff's termination also constituted unlawful retaliation for which he seeks relief herein.

37.    The gist of the reason Defendant gave for terminating Plaintiff was: (a) a client registering a concern with Defendant for safety; and (b) Plaintiff not having shut off a particular power breaker before commencing specific duties. Plaintiff does not dispute that a specific client did in fact express a concern about safety concerning Plaintiff to Defendant. However, Plaintiff believes and therefore avers herein that his termination was retaliatory because *inter alia*:

(1)    During Plaintiff's last approximate year of employment, he was questioning his entitlement to overtime compensation. Plaintiff was also doing his own research as a result of him being classified in Defendant's computer system as "non-exempt" and having been legally paid for only 2 weeks of overtime (which was substantial needed income by Plaintiff). **In the months preceding Plaintiff's termination from employment**, he expressed concerns that he was not getting paid overtime, if he wasn't going to get paid overtime, he should at least receive a raise, and that without getting paid for overtime - - he was being overworked and forced to travel too extensively. These are federally protected concerns Plaintiff expressed on numerous occasions.[8]

(2)    Defendant does in fact have a set safety protocol for shutting off power. However, at the particular client site and on the occasion at issue, following Defendant's protocol ***would not have actually shut off power*** to the area in which Plaintiff was servicing. Thus, Plaintiff was terminated for not following a protocol that had no specific applicability to the work Plaintiff was performing. Defendant was aware of this pre-termination of Plaintiff.

(3)    Plaintiff was not the recipient of any prior warnings or progressive discipline, and Defendant literally raced at the opportunity to terminate Plaintiff in an effort to avoid an ongoing timebomb of overtime violations (of which it was

---

[8] *See e.g. Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015)(an oral concern to an employer about unpaid overtime is legally-protected activity under the statute), citing, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011). And Plaintiff was terminated in retaliation for his protected activities.

cognizant), presumably hopeful that Plaintiff's termination would end his inquiries or attempts to get recompense.

(4) Other employees of Defendant have engaged in safety violations (that were actually applicable to jobs they were performing), and they were not immediately removed from work (and then terminated).[9]

38.     Thus, while a client did in fact register a concern about Plaintiff, client complaints or concerns to Defendant's organization are nothing new and they occur at times with employees. For Defendant to rush to terminate Plaintiff on a single instance unlike others in close temporal proximity to his aforesaid protected activities clearly evidences a retaliatory termination from employment.

39.     Separate and apart from all owed unpaid overtime compensation, liquidated damages, attorney's fees, and other damages *for 3 years of unlawful pay* - - Plaintiff also seeks all available damages for his wrongful termination from employment.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Unpaid Overtime Compensation)

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     With unpaid overtime compensation, liquidated damages, attorney's fees, and costs / interest, Plaintiff is indisputably owed in excess of $200,000.00.

42.     Plaintiff has in significant detail already outlined Defendant's liability for unpaid overtime compensation in violation of the FLSA herein (and all actions outlined in this lawsuit therefore comprise Plaintiff's entitlement to backpay for compensation and damages).

---

[9] By way of only 1 example, at the very same client in which Plaintiff was terminated for allegedly committing a safety violation - - another contracted employee of Defendant caused an internal safety short and literally blew up equipment and damaged top terminals of batteries and destroyed the meter. This was at the same client as Plaintiff, and this particular employee was permitted to continue working without issue on a continued basis thereafter.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Wrongful Termination)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was somewhat of a hot potato for Defendant in that they were knowingly trying to avoid giving Plaintiff 3 years of unpaid compensation totaling nearly $150,000.00 (without liquidated damages, costs, interest or legal fees consideration). Terminating Plaintiff for a single instance of a concern pretextually was retaliatory, as outlined *supra*.

45.     Plaintiff's discharge from Defendant for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

46.     Plaintiff seeks all remedies available for unlawful termination in violation of the FLSA.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.        Defendant is to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B.        Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.        Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.        Plaintiff is to be awarded liquidated _and_ punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.        Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.        Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.        Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Bensalem, PA 19020
(215) 639-0801

Dated: April 6, 2021

13

# Exhibit A

**C&D TECHNOLOGIES**    **TROJAN** BATTERY COMPANY

| | |
|---|---|
| **For** | Technician, Field Service (CDT) |
| **Overall Process** | Hire: Paul Tayoun |
| **Overall Status** | Successfully Completed |
| **Due Date** | 09/07/2019 |

### Details

| | |
|---|---|
| **Employee** | Paul Tayoun |
| **Supervisory Organization** | Field Service () |
| **Hire Date** | 01/08/2018 |
| **Reason** | Hire Employee > Conversion |

### Job Details

| | |
|---|---|
| **Position** | Technician, Field Service (CDT) |
| **Employee Type** | Regular |
| **Job Profile** | Technician, Field Service (CDT) |
| **Time Type** | Full time |
| **Location** | C&D Blue Bell |
| **Pay Rate Type** | Salary |

### Additional Information

| | |
|---|---|
| **Job Title** | Technician, Field Service (CDT) |
| **Business Title** | Technician, Field Service (CDT) |
| **Location Weekly Hours** | 40 |
| **Default Weekly Hours** | 40 |
| **Scheduled Weekly Hours** | 40 |
| **FTE** | 100% |
| **Annual Work Period** | |
| **Work Period Percent of Year** | |
| **Disbursement Plan Period** | |
| **Job Category** | Salary Non - Exempt |
| **Job Classifications** | 3 - Technicians (EEO-1 Job Categories-United States of America) |
| **Management Level from Job Profile** | Individual Contributor |
| **Additional Job Classifications** | |
| **Company Insider Types** | |
| **Workers' Compensation Code from Job Profile** | 8742 - Salespersons or Collectors - Outside (United States of America) |
| **Workers' Compensation Code Override** | |
| **Work Shift** | |
| **First Day of Work** | 01/08/2018 |
| **Continuous Service Date** | 01/08/2018 |

### Process
### Process History

| Process | Step | Status | Completed On | Due Date | Person | Comment |
|---|---|---|---|---|---|---|
| Hire | Hire | Step Completed | 08/24/2019 03:11:14 PM | 09/07/2019 | mzamboni / Meredith Zamboni (external load) | |
| Hire | Change Organization Assignments | Completed | 08/24/2019 03:11:14 PM | 08/25/2019 | | |
| Hire | Service: Reset Workday Account | Not Required | | 09/07/2019 | Workday Service | |
| Hire | Service: Create Workday Account | Step Completed | 08/24/2019 03:11:14 PM | 09/07/2019 | Workday Service | |
| Hire | Integration: INT002 | Not Required | | 09/07/2019 | | |



| Process | Step | Status | Completed On | Due Date | Person | Comment |
|---------|------|--------|--------------|----------|--------|---------|
| | Okta Inbound | | | | | |
| Hire | Propose Compensation Hire | Completed | 08/24/2019 03:11:14 PM | 08/25/2019 | mzamboni / Meredith Zamboni | |
| Hire | Request One-Time Payment | Not Required | | 09/07/2019 | | |
| Hire | Assign Pay Group | Completed | 08/24/2019 03:11:14 PM | 09/07/2019 | mzamboni / Meredith Zamboni | |
| Hire | Onboarding Setup | Not Required | | 09/07/2019 | | |
| Hire | Edit Service Dates | Not Required | | 09/07/2019 | | |
| Hire | Edit Other IDs | Not Required | | 09/07/2019 | | |
| Hire | Onboarding | Not Required | | 09/07/2019 | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Paul Tayoun | : | CIVIL ACTION |
| v. | : | |
| C&D Technologies, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| 4/6/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _447 East County Road, Drums, PA 18222_

Address of Defendant: _1400 Union Meeting Road, Blue Bell, PA 19422_

Place of Accident, Incident or Transaction: _Defendant's place of business_

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/6/2021_ _____ ARK2484 / 91538
　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff* 　　*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☒ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
　　*(Please specify):* _____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _4/6/2021_ _____ ARK2484 / 91538
　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff* 　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TAYOUN, PAUL

**(b)** County of Residence of First Listed Plaintiff    Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

C&D TECHNOLOGIES, INC.

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

**X** 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **X** 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original
        Proceeding

☐ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       Another District
       *(specify)*

☐ 6 Multidistrict
       Litigation -
       Transfer

☐ 8 Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    **X** Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   4/6/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print    Save As...    Reset