IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PAUL TAYOUN : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | No. 21-1630 |
| v. : | |
| : | |
| C&D TECHNOLOGIES, INC. : | |
| : | |
| Defendant. : | |
| : | |

**JOINT PROPOSED CONSENT ORDER**

This Consent Order is entered into between Paul Tayoun (hereinafter referred to as "Plaintiff"), and C&D Technologies, Inc. (hereinafter referred to as "Defendant").

1. On April 6, 2021, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), seeking back wages for alleged unpaid overtime and wrongful termination.

2. An employer and employee cannot privately waive the employee's FLSA right to a basic statutory minimum wage and liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, as the United States Supreme Court made clear in the *Overstreet v. North Shore Corporation et al.*, 323 U.S. 679 (1944), line of cases, employers and employees may enter into stipulated judgments in settlement of bona fide FLSA disputes. Plaintiffs in the *Overstreet* matter brought suit under the FLSA to recover alleged unpaid minimum wages and overtime. The case was tried in the district court and resulted in a judgment awarding to each plaintiff specific unpaid wages, overtime compensation, penalties, and attorney's fees. 52 F. Supp. 503 (S.D. Fl. 1943). The case was appealed on coverage issues, 143 F.2d 172 (5th Cir. 1944), and reached the United States Supreme Court. The Court, in a per curiam opinion, simply modified the

1

judgments of the District Court <u>in accordance with stipulations signed by counsel for the parties</u>, 323 U.S. 679 (1944)(emphasis added).

3. The Supreme Court later explained in *D.A. Schulte v. Gangi*, 328 U.S. 108 (1946):

> "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, … the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."
> *Id.* at 928, n.8.

4. Thus, back wage claims arising under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. *See, e.g., Lynn's Food Store v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Then, "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. Nos.: 08-1798(JLL), 10-2461(JLL), 09-6128(JLL)(D.N.J. Mar. 26, 2012), *citing Lynn, supra.*

5. Defendant herein denies that it violated the FLSA, and does not admit liability under any state or federal statute. Neither Defendant's agreement to the terms of this Consent Order nor any other action taken by Defendant in connection with this Consent Order constitutes any admission by Defendant of any violation of law, duty or obligation.

6. Nonetheless, in order to conserve time and expense, Defendant and Plaintiff have conferred and have reached an amicable resolution of this matter, herein presented.

7. After several weeks of arm's length negotiations, Defendant has offered to settle the instant lawsuit, and all claims contained *therein*, in consideration for execution of a general release and waiver of all claims by Plaintiff. The settlement amount resolves Plaintiff's claims for alleged back wages, liquidated damages, and all costs and attorney's fees.

8. Plaintiff has accepted this offer of settlement, and both Parties find the settlement to be reasonable. Defendant and Plaintiff have fully executed a Negotiated Settlement Agreement and General Release as evidence of the same (provided under separate cover to this Court as "Exhibit A"). Pursuant to their Negotiated Settlement Agreement and General Release, Plaintiff releases, among other things, any and all claims against Defendant in this matter or otherwise arising out of his employment with Defendant prior to the date of this Consent Order.

9. In consideration of the monetary and non-monetary provisions set forth above, Plaintiff and Defendant resolve their disputes, waive adjudication on the merits, and agree to dismissal of the claims in this suit with prejudice.

10. The Parties stipulate that this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1331.

Having considered the foregoing, and determined that the settlement is fair and reasonable as represented by the Parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

11. All the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Consent Order; and

12. This case is dismissed with prejudice pursuant to Rule 41.1(b); and

13. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with the Order and Negotiated Settlement Agreement and General Release prior to bringing such matters to the Court for resolution.

| | |
|---|---|
| **KARPF, KARPF & CERUTTI, P.C.** | **BALLARD SPAHR LLP** |
| */s/ Timothy S. Seiler* \_\_\_ | */s/ Tara L. Humma* |
| Timothy Seiler, Esq. | David S. Fryman (Atty. No. 57623) |
| Karpf, Karpf & Cerutti, P.C. | Tara L. Humma (Atty. No. 313103) |
| 3331 Street Road | Ballard Spahr LLP |
| Two Greenwood Sq., Suite 128 | 1735 Market Street, 51st Floor |
| Bensalem, PA | Philadelphia, PA  19103 |
| (215) 639-0801 | (215) 665-8500 |
| Attorney for Plaintiff | Attorneys for Defendant |
| Dated: August 5, 2021 | Dated: August 5, 2021 |

Dated: _____

The Honorable Timothy J. Savage, U.S.D.J